CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
RKC
APR 29 2005
JOHN F. CORCORAN, CLERK
BY: H McCrea
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MARVIN CALLOWAY, # 311388,<br>Petitioner, | Civil Action No. 7:04cv0680 |
| v. | **MEMORANDUM OPINION** |
| WILLIAM QUILLAN, III,<br>Respondent. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Petitioner Marvin Calloway, # 311388, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Calloway is challenging his June 7, 2002 guilty plea, entered in the Circuit Court of the City of Lynchburg, for statutory burglary while armed with a deadly weapon, robbery, use of a firearm in the commission of a crime, and possession of cocaine. Calloway was sentenced to 29 years, with twelve years and six months suspended. He is currently confined at the Red Onion State Prison. As grounds for relief, Calloway claims his guilty plea was induced by fear, coercive police tactics, and mental illness and that the evidence was insufficient to support such a plea.

The respondent has filed a motion to dismiss Calloway's petition, contending that it is untimely. The court notified Calloway of the respondent's response and motion to dismiss, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment might be granted for the respondent if he did not respond to the motion. Inasmuch as more than twenty days have passed and Calloway has not responded to the respondent's motion to dismiss, that motion and the underlying petition are now ripe for consideration.

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). Section § 2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

According to the pleadings, and confirmed by the records before the court, final judgment in Calloway's case were entered in the Circuit Court of the City of Lynchburg on June 7, 2002. Calloway did not appeal his conviction. As such, his conviction became final on July 7, 2002. See Va. R. S. Ct. Rule 5A:6(a). Petitioner thus had one year from that date, until July 7, 2003, in which to file a timely habeas petition pursuant to 28 U.S.C. § 2254 in this court. Court records reflect that Calloway did not file any habeas petition in either the Circuit Court of the City of Lynchburg or the Supreme Court of Virginia during the one year period from July 7, 2002 to July 7, 2003, such that the one year limitations period would have been tolled. Calloway did not respond to the respondent's

2

motion to dismiss and does not dispute the respondent's assertion that his petition is untimely. Absent any other evidence to the contrary, he has made no showing that the statute of limitations has been triggered anew by any event contemplated in § 2244(d)(1)(B)-(D) or that equitable tolling principles should be applied. Inasmuch as he did not file the instant petition until November 18, 2004, it is clearly outside the statute of limitations imposed by § 2244(d)(1)(A) and I shall deny relief on that basis.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondents.

ENTER: This 29th day of April, 2005.

/s/ Jackson L. Kiser
Senior U.S. District Judge

3